## DANIEL MCLAUGHLIN
### v.
## FRANK R. FISHER.

*Slander—Pleading—Actionable Language—Demurrer.*

In an action for slander, this court holds that a demurrer to the declaration was properly sustained, the words charged not being actionable *per se* and no sufficient averments appearing to show that the same touched the plaintiff in " some office, business or employment."

[Opinion filed November, 23, 1889.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. CONNOLLY & MATHER and JAMES M. GRAHAM, for appellant.

McLaughlin v. Fisher.

Messrs. PALMER & SHUTT, for appellee.

See Townsend on Slander, Secs. 307, 308, 335, 336; Sanderson v. Caldwell, 45 N. Y. 398.

CONGER, J.   This was an action on the case for slander. The declaration was as follows: "Also for that whereas, before and at the time of committing the grievance hereinafter mentioned, the plaintiff held, used and exercised the office of president of the Illinois Miners' Protective Association, by appointment of said association, and received and enjoyed therefrom a salary of, to wit, $100 per month, as such president, which said association was then and there and for a long period theretofore had been a voluntary association of all persons working in and around the coal mines in the State of Illinois.   And one of the objects of said association then and there was to promote the best interests of said persons in their said occupation, and to promote harmony as to work and wages among said persons in their said occupation.   And it was then and there the duty of the plaintiff, as president of said association, to so demean himself as to advance the said object of said association, and to promote the best interests of said persons in said occupation, and to promote harmony as to work and wages among said persons in said occupation.

And the plaintiff avers that he hath always during the time of his being such president, faithfully, properly and honestly discharged his said duty as president of said association, and dealt honestly, equally and fairly as such president, with all persons working in and around the coal mines in said State, and never was guilty of the offenses and misconduct hereinafter stated to have been charged upon and imputed to him by said defendant, nor until the time of the committing of the grievances by the defendant, as hereinafter mentioned, was ever suspected of any such offenses or misconduct, by reason whereof the plaintiff had deservedly acquired the honor, esteem and good will of his neighbors and. of said association, and of the said persons working in and around the coal mines in the State of Illinois.

Nevertheless the defendant, well knowing the premises, but contriving and wickedly and maliciously intending to injure the plaintiff in his good name and reputation, and to bring him into disgrace, scandal and distrust as president of said association among his neighbors and other good citizens and the said association, and among the persons working in and around the coal mines in said State, on, to wit, the 1st day of January, A. D. 1888, at the county aforesaid, in a certain discourse which the said defendant then and there had, of and concerning the plaintiff, and of and concerning the plaintiff in the execution of his said office of president of said association, in the presence and hearing of divers persons falsely and maliciously spoke and published of and concerning the plaintiff, and of and concerning him in the exercise of his said office, the false, scandalous and malicious words following, that is to say: "Let me (meaning said defendant) tell you, boys, something that may be you don't know. Let me (meaning defendant) tell you that old Dan McLaughlin (meaning plaintiff) is carried on the pay rolls of the C. W. & V. Coal Company, at the rate of $75 a month, for keeping up an agitation among the miners (meaning persons working in and around the coal mines in Illinois) of Central and Southern Illinois, so that the mine owners of Northern Illinois can get all the trade, and I (meaning defendant) know it." Meaning and intending thereby to charge the plaintiff with wilfully and corruptly, and for his own gain, neglecting and failing to so demean himself as to advance the said object of said association, and wilfully and corruptly, and for his own gain, neglecting and failing to promote the best interests of the persons working in and around coal mines in said State, and with wilfully and corruptly, and for his own gain, refusing and neglecting to promote harmony as to work and wages in said occupation, among persons engaged in working in and around coal mines in said State.

And meaning and intending thereby to charge the plaintiff with wilfully, corruptly and for his own gain, permitting himself, while so president of said association, to be employed by the C. W. & V. Coal Company, for the purpose of interfering with and retarding said object of said association, and

for the purpose of injuring the best interests of the persons working in and around the coal mines in Illinois, and for the purpose of producing absence of harmony as to work and wages in their said occupation, among said persons, contrary to his "duty as president of said association. And meaning and intending thereby to charge that the plaintiff, while so being president of said association, accepted employment with the C. W. & V. Coal Company to keep up an agitation among the persons working in and around the coal mines in Central and Southern Illinois, to the injury of their best interests and to the destruction of harmony as to work and wages, between them and the persons working in and around coal mines in Northern Illinois, so as to diminish or prevent the mining of coal in the coal mines of Central and Southern Illinois, and so enable the mine owners of Northern Illinois to control the trade in coal.

He, the said defendant, then and there intending to be understood as so meaning, and he being then and there so understood by the persons by him so addressed, as aforesaid.

By means whereof the plaintiff hath been greatly injured in his good name, fame and credit, and has suffered great anxiety of mind, and been exposed to the loss of his said office of president of said association, and the emoluments thereof."

To this declaration a demurrer was interposed and sustained by the court, and judgment went against appellant for costs, and he brings the record to this court for review.

We think the demurrer was properly sustained.

The words charged in the declaration are not actionable, *per se*, and can only be made so by proper averments that they "touch him in some office, business or employment."

The declaration fails to set out with sufficient clearness and certainty either the society or the duties of appellant as its president, to enable a court to say that the action charged against appellant would necessarily be a violation of such duties. The substance of the words charged is, that appellee said of appellant, that he, appellant, " is carried on the pay rolls of the C. W. & V. Coal Company at the rate of $75 a month, for keeping up an agitation among the miners of Cen-

tral and Southern Illinois, so that the mine owners of North-
ern Illinois can get all the trade."

It is nowhere averred, and we are at a loss to know how it
can be assumed, that keeping up an agitation among the
miners of one section of the State, may not be in harmony
with appellant's ideas of promoting the object of the associa-
tion, of which he is president. His duties are only spoken of
in a general way, being, to so demean himself as to advance
the object of the association, and to promote the best inter-
ests of said persons in said occupation, and to promote har-
mony as to work and wages among said persons in said
occupation."

The declaration we think entirely failed to show such a
case as would require the appellee to defend, and hence the
demurrer was properly sustained.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*